UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-61593-Civ-Cohn/Seltzer

ACCESS FOR THE DISABLED, INC., et al.

    Plaintiffs,

v.

DIXIE PIG, INC.,

    Defendant.

_____/

**ORDER GRANTING UNOPPOSED MOTION TO SET ASIDE DEFAULT**
**ORDER RESETTING TRIAL DATE**

THIS CAUSE is before the Court upon Defendant's Motion to Set Aside Clerk's Default [DE 9]. The Court has carefully considered the motion, and notes that Plaintiff does not oppose the motion.

Upon a review of the motion and the court file, even if the motion were to be opposed, the Court would grant the motion. Defendant seeks to vacate the Clerk's entry of default recently entered on March 31, 2008. The United States Court of Appeals for the Eleventh Circuit has described the relevant law regarding motions to set aside default:

> Rule 55©, Federal Rules of Civil Procedure, provides in relevant part that "[f]or good cause shown the court may set aside an entry of default."  " 'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one--but not so elastic as to be devoid of substance." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir.1989).We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Id. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. Rafidain Bank, 15 F.3d at 243; see also Robinson v. United States, 734 F.2d 735, 739 (11th Cir.1984).
>
> Compania Interamericana Export-Import, S.A. v. Compania Dominicana de

Aviacion, 88 F.3d 948, 951-952 (11th Cir. 1996).

Defendant asserts in support of its motion that Defendant attempted to resolve this matter without counsel, and believed that its efforts negotiating with Plaintiff's counsel meant that it could resolve the matter without the need to respond to the Court or retain counsel.  The Court does note that it is likely that the only reason Plaintiff moved for default was that this Court had entered an order to show cause to Plaintiff because the case had appeared to have been either settled or abandoned.

The Court concludes that Defendant has shown good cause.  There is no evidence of wilful disregard of the Court proceedings, nor of prejudice to Plaintiff, and Defendant's proposed answer puts forth a potentially meritorious defense (though the Court takes no position this time as to the merits of the case).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Set Aside Clerk's Default [DE 9] is hereby **GRANTED**;

2. Defendant's counsel shall refile the Answer submitted at docket entry 9-3 as a separate initial pleading document, Answer to Complaint;

3. The trial in this case is continued until the two-week period commencing November 3, 2008, with the Calendar Call continued until Thursday,

October 30, 2008 **at 9:00am**.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 3rd day of April, 2008.

JAMES I. COHN
United States District Judge

cc: Todd Shulby, Esq.

Matt Weinstein, Esq.